Brian Edward GRIFFIN, Appellant

v.

Melvin S. LOCKETT; R.M. Lawler; A. Lovett; Scott Walters; Scott Walters; Donald Vaughn; Kenneth Hollibaugh; Donald Williamson.

No. 09–2267.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 20, 2009.

Opinion filed: Sept. 2, 2009.

Brian Edward Griffin, Huntingdon, PA, pro se.

Timothy P. Keating, Esq., Calvin R. Koons, Esq., Office of Attorney General of Pennsylvania, Harrisburg, PA, for Appellee.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Brian Griffin appeals pro se from the District Court's order dismissing his action filed pursuant to 42 U.S.C. § 1983 for failure to exhaust administrative remedies. For the reasons that follow, we will summarily affirm.

Because we write primarily for the parties, it is not necessary to recite the facts or procedural history of this case except insofar as they are helpful to our discussion. In December 2006, Griffin filed a complaint alleging First and Fourteenth Amendment violations by various prison officials. Griffin, who was housed at SCI–Huntingdon, mailed a letter to prison officials at the central office at SCI–Camp Hill. The letter contained abusive language that threatened prison employees with bodily harm. Consequently, Griffin received a misconduct report and was sentenced to sixty days in Disciplinary Custody in the Restrictive Housing Unit ("RHU"). Griffin's confinement in RHU was prolonged, however, and he claims that this additional confinement denied him due process of law. In addition, Griffin alleges that his First Amendment rights were violated because he received the misconduct report in retaliation for writing the letter, which contained protected speech.

Defendants filed an answer that included several affirmative defenses, one of which is that Griffin failed to exhaust administrative remedies. The court permitted discovery and both parties filed motions for summary judgment. After ruling on these motions, the District Court determined that the following issues were to be resolved at a bench trial: Griffin's First Amendment claim, defendants' argument that there was a legitimate governmental interest in punishing an inmate for using abusive language, and whether Griffin could show personal involvement by the named defendants.

Defendants filed a pretrial memorandum, which included a statement that Griffin did not appeal the matter to the second level of appeal. Defendants also included such a statement in their proposed findings of fact. At trial, one of their witnesses produced a Misconduct Tracking System Report showing that Griffin had only appealed the misconduct to the first level. Griffin also conceded during cross-examination that he did not appeal to the second and third levels available to him.

The District Court determined that Griffin did not satisfy the exhaustion requirement set forth in 42 U.S.C. 1997e(a) and dismissed the action. Griffin timely appealed. In support of his appeal, Griffin argues that defendants had waived their affirmative defense and that the District Court erred in denying him the opportunity to amend his complaint.

We have jurisdiction under 28 U.S.C. § 1291. Because Griffin is proceeding in forma pauperis, we must dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B) if it is legally frivolous. We may summarily affirm the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. After a bench trial, we review the District Court's factual findings for clear error and exercise plenary review over its conclusions of law. *Am. Soc'y for Testing & Materials v. Corrpro Cos.,* 478 F.3d 557, 566 (3d Cir.2007). We review denial of a motion to amend the complaint for abuse of discretion. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The Prison Litigation Reform Act of 1996 (PLRA) provides that no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir.2002). The defense must be raised early in litigation. *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir.2002); *Bradford–White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1160–61 (3d Cir.1989).

 Griffin argues that the defendants waived the defense. However, as the District Court properly found, defendants pled that Griffin failed to exhaust administrative remedies as their first affirmative defense in their answer. Defendants also argued this defense in their pretrial memorandum and in their proposed findings of fact, and supported their defense at trial via witness testimony and the Misconduct Tracking System Report. Moreover, Griffin admitted on cross-examination that he did not appeal to the second and third levels available to him. Accordingly, there is no merit in Griffin's argument. Griffin's alternative argument, that he exhausted this matter by filing a petition for writ of habeas corpus in state court, does not satisfy 42 U.S.C. § 1997e(a). *See Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir.2004) (discussing the Pennsylvania Department of Corrections three-tier grievance system as the available administrative remedy).

 Finally, to the extent that Griffin appeals the District Court's refusal to permit him to amend his complaint, we conclude that the District Court did not abuse its discretion. On several occasions, the District Court explicitly ordered Griffin to comply with the Local Rules and/or the Federal Rules of Civil Procedure for properly filing an amended complaint. Although the court provided him with detailed instructions, Griffin failed to comply.

As Griffin's appeal presents no substantial question, we will summarily affirm the District Court's judgment.